IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REDONDO WASTE SYSTEM, INC.<br>BIG BLUE CORP.<br>HAYDEE REDONDO-MAYMI<br>ANGEL LUIS PEREZ-RODRIGUEZ<br>Plaintiffs<br><br>vs<br><br>JAVIER J. RUA<br>Executive Director of the Puerto Rico<br>Environmental Quality Board and President<br>of its Governing Board;<br>CARLOS W. LOPEZ-FREYTES, Former<br>Executive Director of the Puerto Rico<br>Environmental quality Board and President<br>of its Governing Board, in his official and<br>personal capacity;<br>ANGEL O. BERRIOS-SILVESTRE,<br>Associate Member of the Governing Board<br>of the Puerto Rico Environmental Quality<br>Board, in his official and personal capacity;<br>EUGENE P. SCOTT-AMY, Vice-President<br>of the Governing Board of the Puerto Rico<br>Environmental Quality;<br>JULIO IVAN RODRIGUEZ-COLON,<br>Manager of the Land Program of the Puerto<br>Rico Environmental Quality board and<br>Alternate Member of its Governing Board,<br>in his official and personal capacity<br>Defendants | CIVIL 08-2314CCC |

## OPINION AND ORDER

Before the Court is plaintiffs' Motion to Alter or Amend the Judgment **(docket entry 44**), which defendants opposed (docket entry 45). Judgment was entered dismissing the action on March 31, 2010, (docket entry 31) when the Court concluded that plaintiffs' causes of action were brought against the Environmental Quality Board (EQB ), which was not a defendant in the action, and failed to state any claims against the individual defendants. Movants seek vacation of the judgment and the acceptance of its tendered amendment to the complaint.

CIVIL 08-2314CCC                            2

In their motion plaintiffs argue, among other things:

The plaintiffs prepared an Amended Complaint to cure the defects in the original complaint identified by the Court in the judgment. . . . The Amended Complaint is tailored within the parameters of the judgment to present same to this Honorable Court and complies with all pleading requirements.

¶2.

At the time of the dismissal of the complaint, plaintiffs had devoted significant time and efforts to the discovery procedures in the case.

¶3.

The purpose of the above mentioned discovery was, among others, to obtain additional information that would assist the plaintiffs to prepare an amended complaint and file it in this case, in addition to preparation for the case.

¶4.

Plaintiffs have conducted an extensive process and analysis to connect the specific defendant with the acts complained of and have expanded the boundaries of the facts related to the case in order to eliminate the original complaints' problems set forth in the judgment and cure the complaint.

¶5.

. . . This case was dismissed at the pleadings stage before plaintiffs were able to obtain additional facts that would allow them to amend the original complaint. Plaintiffs had not filed the amended complaint before because plaintiffs were deeply involved in the discovery process of the case to obtain important additional facts and the identity of the persons involved in those facts and the circumstances related thereto.

¶6.

Defendants opposed the motion, noting that, because the general rule in the First Circuit is that the moving party must either clearly establish a manifest error of law, or present newly discovered evidence, it is very difficult to prevail on a Rule 59(e) motion. Prescott v. Higgins, 538 F.3d. 32, 45 (1st Cir. 2008). Only four grounds are recognized for the granting of such motions:  (1)manifest errors or law or fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law. Marie v. Allied Home Mortgage Corp., 402 F.3d. 1, 7 n.2 (1st Cir. 2005).

CIVIL 08-2314CCC                                            3

**Analysis**

Movants' arguments fall into two broad categories. First, that this Court's opinion alerted them to various "defects" in the complaint which they have now "cured" in the tendered amended complaint and, therefore, they are now ready to proceed. Second, during the intervening time prior to the dismissal, they were busy with discovery to identify the persons involved in the actions taken, from which, perhaps, we are to infer that there is some newly discovered evidence.

Curing Defects

Movants set forth, as a comparison, a quote[1] from a case in which a motion under Rule 59(e) was denied "because the motion was unsupported and because the proposed amended complaint did not cure the defects in the original." Motion, at 4. They go on to request, "If the Honorable Court analyzes the amended complaint and decides that it cured the defects of the original complaint, . . . the Honorable Court should alter or amend the judgment and order the filing of the amended complaint...." ¶12. This complaint is not some kind of legal "term paper" handed in to the court for a preliminary critique which, after its return with suggestions for its improvement, is to be corrected and handed in for a final evaluation. This action was dismissed because the claims were plead against an entity that was not a defendant in the case, and there were no facts alleged supporting any claims against the persons who were sued.

Plaintiff filed this complaint on November 17, 2008. Defendants' Motion to Dismiss was filed on May 13, 2009 (docket entry 14), to which plaintiff responded on June 25, 2009 (docket entry 19). This dismissal motion identified the weak points of plaintiffs' complaint such as the conclusory allegations and subjective characterization and the absence of facts

---

[1] Plaintiffs erroneously identify Flett v. Alexander Co., 302 F.2d 321 (7th Cir. 1967), which addresses a Rule 60(b) issue, as the case in which the quote appears.

CIVIL 08-2314CCC                                    4

related to the personal participation by individual defendants.² It behooved plaintiffs to objectively review their complaint. Almost a year elapsed between the filing of the motion and the entry of judgment, affording plaintiffs ample opportunity to move to amend the complaint to correct any defects of which they were apprised by the motion to dismiss, see e.g., Stein v. Royal Bank of Canada, 239 F.3d. 389,392 (1st Cir. 2001), or add any factual allegations on the basis of newly discovered evidence.

      Counsel, in violation of Rule 11(b)(3), did not specifically alert the court that discovery was needed to provide factual support for the complaint that he is now arguing. And, if that is the case, he has further violated the rule by bringing the individual defendants without having made an inquiry reasonable under the circumstances.

Discovery

      Plaintiffs' statement to the effect that, "this case was dismissed at the pleadings stage . . ." is patently incorrect. Pursuant to the Case Management Order (docket entry 19), discovery ended January 22, 2010.³ This is not the "pleadings stage" of a case filed almost a year and a half earlier. Moreover, for all the excuses now raised about difficulties with discovery, plaintiffs opposed defendants' motion to extend discovery until May, 2010 as too long. Nor did they ever file a motion to compel.

      While Fed.R.Cv.P.15(a) presumes that, in most cases, motions for leave to amend be liberally granted, it has been recognized that this presumption is reversed in cases where

---

²Plaintiffs, at ¶ 2 of their motion ,conclusorily state, "As the record reveals, plaintiffs opposition to defendants' motion to dismiss identified those facts, but the Court ruled in favor of the dismissal." To the contrary, the arguments in the opposition refer primarily to "defendants." Although a few facts are raised about named competitors and an inspector, they are not named as defendants in the complaint.

³A motion for extension of discovery, filed on the day discovery filed January 12, 2010 (docket entry 34) was not acted upon before dismissal of the action.

CIVIL 08-2314CCC                                          5

a plaintiff seeks to amend a complaint <u>after</u> judgment has been entered and a case has been dismissed, <u>Bressner v. Ambroziak</u>, 379 F.3d. 478, 484 (7th Cir. 2004); <u>Harris v. City of Auburn</u>, 27 F.3d. 1284, 1287 (7th Cir. 1994).  At this juncture, after a judgment has been entered, a party making a Rule 59(e) motion so that it can amend its complaint must provide the district court with a good reason to grant its motion. <u>Id.</u>  Besides generalized references to their belated, ongoing discovery, movants have given no reasonable explanation or have offered any specific facts that they did not know, or with diligence could not have discovered, before the dismissal of their action.

Given plaintiffs' and the EQB's long, and ongoing litigious history, movants, when they filed the complaint, should have had, and pled, sufficient facts supporting the individual defendants' alleged involvement.

For the above-stated reasons, plaintiffs' Motion to Alter or Amend the Judgment (**docket entry 44**), is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on June 16, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge